## Title Trust & Guarantee Company Case (No. 3).

Argued October 5, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Philip P. Sharkey,* with him *Charles Hasson, Horace M. Barba,* Special Deputy Attorney General, *Oliver C. Cohen,* Deputy Attorney General, and *Charles J. Margiotti,* Attorney General, for appellant.

*J. C. Davies,* with him *Seymour S. Silverstone,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, November 12, 1937:

Appellees moved to quash the appeal of the secretary of banking in his capacity as receiver, on the ground that he has no interest in the decree awarding them preferences but "is a mere stakeholder retaining the fund to be distributed in accordance with the Decree of Court," and therefore has no standing to appeal, citing *Franklin Trust Company of Philadelphia,* 319 Pa. 193, 195.

The Department of Banking Code (Act of May 15, 1933, P. L. 565, Article VII, Section 701) provides: "The secretary shall be the representative of the creditors of the institution and shall be entitled, as such, to have vacated and set aside, for the benefit of the creditors, any judgment, execution, attachment, sequestration, payment, pledge, assignment, transfer, conveyance, or encumbrance, which could have been avoided by any of the creditors, or by which one creditor is given an unlawful preference over another." This Act apparently did not confer upon the secretary the right of appeal. It was passed in 1933; the *Franklin Trust Case* was decided in 1935.

However, there is another statutory provision which, with the former, gives a complete right to the secretary to appeal. The Act of April 22, 1937, P. L. 337, amending the Act of May 15, 1933, P. L. 565, Article I, Section 11, provides: "Section 11. Appeals from Court Orders. —Whenever, pursuant to the provisions of this act, any judgment, decree, or other order is entered by any court in this Commonwealth, either for or against the department, *or the secretary as receiver,* or any relief requested, by or against the department, *or the secretary as receiver,* is refused by such court, either the department, *the secretary as receiver,* or any other party to such proceeding shall have a right of appeal. . . ." This act became effective immediately upon the date of its passage, which was prior to the filing of the certiorari

in this appeal. It is difficult to conceive any real purpose for this amendment unless it be to permit appeal by the secretary in cases where he acts as receiver, but has no direct interest of his own. The legislature has directed that the secretary may appeal in protection of the estate and its creditors.

Motion to quash refused.